## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EDWIN ROJAS<br><br>     Plaintiff,<br><br>     v.<br><br>X MOTORSPORT, INC., OFFICER BANASZEWSKI, UNKNOWN MANAGER and UNKNOWN EMPLOYEES OF X MOTORSPORT, INC. and the VILLAGE OF VILLA PARK.<br><br>     Defendants. | No. 16-cv-2982<br>Judge: Gary S. Feinerman |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, EDWIN ROJAS (hereafter, "PLAINTIFF"), by his and through his attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, LTD., and pursuant to this Complaint at Law states the following against above named Defendants, X MOTORSPORT, INC., OFFICER BANASZWESKI, UNKNOWN MANAGER and UNKNOWN EMPLOYEES OF X MOTORSPORT, INC., and THE VILLAGE OF VILLA PARK.

## JURISDICTION AND VENUE

1.  This is an action for damages brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution.

2.  Jurisdiction for PLAINTIFF's federal claim is based on 28 U.S.C. §§ 1331 and 1343(a).

3.  Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because the claims arose in this district as alleged below.  This court has supplementary jurisdiction over PLAINTIFF'S state law claim under 28 U.S.C. § 1367.

**PARTIES**

4.      PLAINTIFF ROJAS is a resident of the State of Illinois and a citizen of the United States.

5.      DEFENDANT X MOTOR SPORT, INC. is a domestic corporation duly incorporated under the laws of the State of Illinois.

6.      DEFENDANT OFFICER BANASZEWSKI (hereinafter, the DEFENDANT OFFICER) is a duly appointed and sworn police officer of the VILLAGE OF VILLA PARK.

7.      At all times material to this Complaint, DEFENDANT OFFICER BANASZEWSKI was acting in the course and scope of his employment, by ordinance and/or regulation of the VILLAGE OF VILLA PARK.

8.      The VILLAGE OF VILLA PARK is a municipal corporation that is duly incorporated under the laws of the State of Illinois.

9.      The VILLAGE OF VILLA PARK is the employer and principal of DEFENDANT OFFICER BANASZEWSKI.

10.      X MOTOR SPORT, INC.'S manager, name unknown, interacted with the PLAINTIFF (hereinafter referred to as "THE MANAGER").

11.      Unknown other employees of X MOTOR SPORT INC. interacted with the PLAINTIFF and are hereinafter referred to as OTHER EMPLOYEES.

**FACTS**

12.      On Thursday, January 14, 2016, PLAINTIFF purchased a vehicle from DEFENDANT X MOTORSPORT, INC. in Villa Park, Illinois ("the vehicle purchase").

13.     On Saturday January 23, 2016, PLAINTIFF arrived at DEFENDANT X MOTORSPORT, INC.

14.     PLAINTIFF entered DEFENDANT X MOTORSPORT, INC.'s sales building.

15.     PLAINTIFF spoke to THE MANAGER.

16.     PLAINTIFF spoke to an agent of DEFENDANT X MOTORSPORT, INC.  about the vehicle purchase.

17.     Ultimately, PLAINTIFF advised THE MANAGER that Plaintiff desired to return the vehicle he purchased from X MOTORSPORT, INC.

18.     In speaking to the PLAINTIFF, THE MANAGER aggressively attempted to reduce the exchange price of the vehicle PLAINTIFF was returning.

19.     PLANTIFF disagreed with the statements of THE MANAGER.

20.     THE MANAGER refused to return the purchase price for the PLAINTIFF'S vehicle.

21.     In this regard, THE MANAGER advised PLAINTIFF that he was committing a theft and asked the OTHER EMPLOYEES of X MOTORSPORT, INC., to lock the door.

22.     The OTHER EMPLOYEES locked the door.

23.     Prior to the locking of the door by the OTHER EMPLOYEES and/or THE MANAGER spoke to OFFICER BANASZEWSKI.

24.     OFFICER BANASZEWSKI confirmed that PLAINTIFF would be committing a theft if he did not take return the vehicle at a reduced price.

25.     OFFICER BANASZEWSKI watched the OTHER EMPLOYEES close the door and prevent the PLAINTIFF from leaving the establishment after THE MANAGER told the PLAINTIFF that he would not agree to receive the car in exchange for a full refund.

26.     OFFICER BANASZEWSKI worked together with THE MANAGER and the OTHER EMPLOYEES to keep the PLAINTIFF in the X MOTORSPORT, INC., business establishment until the PLAINTIFF agreed to reduce the price in accordance with the wishes of THE MANAGER.

27.     OFFICER BANASZEWSKI spoke to THE MANAGER and/or the OTHER EMPLOYEES prior to the door being locked, for the purpose of preventing the PLAINTIFF from leaving the establishment until the PLAINTIFF agreed to return the vehicle for a reduced price.

28.     OFFICER BANASZEWSKI spoke to THE MANAGER and/or the OTHER EMPLOYEES prior to the door being locked, and through this conversation, agreed to have the door locked for the purpose of preventing the PLAINTIFF from leaving the establishment until the PLAINTIFF agreed to return the vehicle for a reduced price.

29.     After PLAINTIFF noticed that the door was locked, he called "911".

30.     After calling 911, PLAINTIFF then noticed that OFFICER BANASZEWSKI opened the door, after the officer received a call from dispatch.

31.     PLAINTIFF then left the business establishment.

32.     OFFICER BANASZEWSKI  left the establishment with the PLAINTIFF.

33.     OFFICER BANASZEWSKI spoke to the PLAINTIFF, asking him to return the car at the reduced price, as requested by THE MANAGER.

34.     The actions of THE MANAGER, OFFICER BANASZEWSKI and the OTHER EMPLOYEES proximately caused the PLAINTIFF to experience fear and be arrested.

35.     When the PLAINTIFF was locked in the X MOTOR SPORT, INC. business establishment, he was not free to leave and no reasonable person would have believed that he was free to leave.  The PLAINTIFF was arrested.

36.     Due to the joint acts and/or omissions of DEFENDANT OFFICER BANASZEWSKI and DEFENDANT X MOTORSPORT, INC., the OTHER EMPLOYEES and the MANAGER, as described above, PLAINTIFF was not free to leave the premises of DEFENDANT X MOTOSPORT, INC.

37.     With regard to the acts and/or omissions of DEFENDANT OFFICER BANASZEWSKI and DEFENDANT X MOTORSPORT, INC., the OTHER EMPLOYEES and the MANAGER, as described above, these defendants acted jointly, in agreement and with the purpose or consequence of ensuring that the PLAINTIFF was not free to leave the premises of DEFENDANT X MOTOSPORT, INC.

38.     The joint acts and/or omissions of these defendants constituted an arrest of PLAINTIFF.

39.     On January 23, 2016, none of the defendants witnessed PLAINTIFF commit a crime.

40.     On January 23, 2016, none of the defendants believed that they possessed probable cause to believe that the PLAINTIFF committed a crime.

41.     On January 23, 2016, DEFENDANT OFFICER BANASZEWSKI did not receive information that suggested that there was probable cause to detain the PLAINTIFF.

42.     On January 23, 2016, DEFENDANT OFFICER BANASZEWSKI did not receive information that suggested that there was a reasonable articulable suspicion to detain the PLAINTIFF.

43.     On January 23, 2016, DEFENDANT OFFICER BANASZEWSKI did not have a warrant to arrest PLAINTIFF.

44.     On January 23, 2016, DEFENDANT OFFICER BANASZEWSI, the MANAGER and the OTHER EMPLOYEES jointly caused the arrest of PLAINTIFF.


## COUNT I
### False Arrest Pursuant to 42 U.S.C. § 1983 and the
### Fourth Amendment to the U.S. Constitution

45.     PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

46.     As described above, the actions of the name DEFENDANT OFFICER BANASZEWSI, the MANAGER and the OTHER EMPLOYEES caused the arrest of the PLAINTIFF.

47.     As described above, DEFENDANT OFFICER BANASZEWSI, the MANAGER and the OTHER EMPLOYEES arrested PLAINTIFF, without probable cause to believe that PLAINTIFF had committed any criminal activity.

48.     Therefore, the conduct of the individual defendants was in violation of the Fourth amendment to the United States Constitution.

49.     The aforementioned actions of the individual defendants were the direct and proximate cause of the Constitutional violations set forth above.

        WHEREFORE, the PLAINTIFF demands compensatory damages from DEFENDANT OFFICER BANASZEWSI, the MANAGER and the OTHER EMPLOYEES.  Plaintiff also demands punitive damages, costs and attorneys' fees against and whatever additional relief this Court deems equitable and just.


## COUNT II
### False Arrest – State Law Claim

50.     PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

51.     The individual DEFENDANTS caused the arrest of PLAINTIFF.

52.     As described above, the individual DEFENDANTS arrested PLAINTIFF, without probable cause to believe the PLAINTIFF had committed any criminal activity. The conduct of the individual DEFENDANTS was in violation of the Constitution to the State of Illinois as well as Illinois law.

53.     The aforementioned actions of the individual DEFENDANTS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANTS. PLAINTIFF also demands punitive damages and costs against the DEFENDANTS and whenever additional relief this court deems equitable and just.

## COUNT III
## 745 ILCS 10/9-102 Claim Against the VILLAGE OF VILLA PARK

54.     PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

55.     DEFENDANT VILLAGE OF VILLA PARK is the employer of DEFENDANT OFFICER BANASZEWSI.

56.     DEFENDANT OFFICER BANASZEWSKI, as alleged above, committed the acts under color of law and in the scope of employment of the DEFENDANT VILLAGE OF VILLA PARK.

WHEREFORE, should the DEFENDANT OFFICER BANASZEWSKI be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ICLS 10/9-102, the DEFENDANT VILLAGE OF VILLA PARK pay any judgment (other than punitive damages) obtained against DEFENDANT OFFICER BANASZEWSKI as a result of this Complaint.

## COUNT IV
## Supplementary Claim for *Respondeat Superior*

57.     PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

58.     The aforesaid acts of the DEFENDANT OFFICER BANASZEWSKI in his individual capacity, were in the scope of employment and therefore the DEFENDANT VILLAGE OF VILLA PARK, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE, should the DEFENDANT OFFICER BANASZEWSKI be found liable for any state law claim in this cause, PLAINTIFF demands that the DEFENDANT VILLAGE OF VILLA PARK pay said judgment.

**COUNT V**
**Supplementary Claim for *Respondeat Superior***
**Against DEFENDANT X MOTORSPORT, INC.**

59.     PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

60.     The aforesaid acts of the THE MANAGER and the OTHER EMPLOYEES in their individual capacity, were in the scope of employment and therefore the DEFENDANT X MOTORSPORT, INC., as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE, should the UNKNOWN MANAGER and UNKNOWN EMPLOYEES OF X MOTORSPORT, INC. be found liable for any of the alleged counts in this cause, PLAINTIFF demands X MOTORSPORT, INC. pay said judgment.

**JURY DEMAND**

PLAINTIFF demands trial by jury.

Respectfully submitted,
**s/ Blake Horwitz___**
Attorney for Plaintiff

Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, LTD.**
111 W. Washington St., Suite 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312)445-8741