UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWIN ROJAS and MAGALI ROJAS,<br><br>     Plaintiffs,<br><br>     v.<br><br>X MOTORSPORT, INC., OFFICER BANASZEWSKI, BRANKO VECEVIC, ZAIA RASHO, MANNY ZERVOS, KEVIN CARPENTER, HORMIS KORKIS, DERRICK JOHNSON, ERIC JOHNSON, UNKNOWN MANAGER and UNKNOWN EMPLOYEES OF X MOTORSPORT, INC., and the VILLAGE OF VILLA PARK.<br><br>     Defendants. | No. 16-cv-2982<br><br>Judge: Gary S. Feinerman |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiffs, EDWIN ROJAS and MAGALI ROJAS (hereafter, "PLAINTIFFS"), by and through their attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, LTD., and pursuant to this Complaint at Law states the following against DEFENDANT VILLAGE OF VILLA PARK, DEFENDANT OFFICER BANASZEWSKI, DEFENDANTS X MOTORSPORT, INC. and it's DEFENDANT EMPLOYEES (hereinafter collectively referred to as "EMPLOYEES") BRANKO VECEVIC, ZAIA RASHO, MANNY ZERVOS, KEVIN CARPENTER, HORMIS KORKIS, DERRICK JOHNSON, ERIC JOHNSON, AND UNKNOWN EMPLOYEES.

## JURISDICTION AND VENUE

1.     This is an action for damages brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution.

2.      Jurisdiction for PLAINTIFFS' federal claim is based on 28 U.S.C. §§ 1331 and 1343(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because the claims arose in this district as alleged below.  This court has supplementary jurisdiction over PLAINTIFFS' state law claim, under 28 U.S.C. § 1367.

## PARTIES

4.      PLAINTIFF EDWIN ROJAS is a resident of the State of Illinois and a citizen of the United States.

5.      PLAINTIFF MAGALI ROJAS is a resident of the State of Illinois, a citizen of the United States, mother of PLAINTIFF EDWIN ROJAS and sixty-seven years old.

6.      DEFENDANT X MOTORSPORT, INC. is a domestic corporation duly incorporated under the laws of the State of Illinois.

7.      At all times material to this Complaint, DEFENDANT OFFICER BANASZEWSKI (hereinafter, the DEFENDANT OFFICER) was a duly appointed and sworn police officer of the VILLAGE OF VILLA PARK.

8.      At all times material to this Complaint, DEFENDANT OFFICER BANASZEWSKI was acting in the course and scope of his employment, by ordinance and/or regulation of the VILLAGE OF VILLA PARK.

9.      The VILLAGE OF VILLA PARK is a municipal corporation that is duly incorporated under the laws of the State of Illinois.

10.     At all times material to this Complaint, the VILLAGE OF VILLA PARK was the employer and principal of DEFENDANT OFFICER BANASZEWSKI.

11.     At all times material to this Complaint, DEFENDANT X MOTORSPORT, INC. was the employer and principal of DEFENDANTS BRANKO VECEVIC, ZAIA RASHO, MANNY

2

ZERVOS, KEVIN CARPENTER, HORMIS KORKIS, DERRICK JOHNSON, ERIC

JOHNSON, and UNKNOWN EMPLOYEES.

12.     At all times material to this Complaint, DEFENDANT BRANKO VECEVIC was the

owner and president of DEFENDANT X MOTORSPORT, INC.

13.     At all times material to this Complaint, DEFENDANT ZAIA RASHO was an employee

and agent of DEFENDANT X MOTORSPORT, INC.

14.     At all times material to this Complaint, DEFENDANT MANNY ZERVOS was an

employee and agent of DEFENDANT X MOTORSPORT, INC.,

15.     At all times material to this Complaint, DEFENDANT KEVIN CARPENTER was an

employee and agent of DEFENDANT X MOTORSPORT, INC.

16.     At all times material to this Complaint, DEFENDANT HORMIS KORKIS was an

employee and agent of DEFENDANT X MOTORSPORT, INC.

17.     At all times material to this Complaint, DEFENDANT DERRICK JOHNSON was an

employee and agent of DEFENDANT X MOTORSPORT, INC.

18.     At all times material to this Complaint, DEFENDANT ERIC JOHNSON was an

employee and agent of DEFENDANT X MOTORSPORT, INC.

## FACTS

19.     On Thursday, January 14, 2016, PLAINTIFF EDWIN ROJAS purchased a vehicle from

DEFENDANT X MOTORSPORT, INC. in Villa Park, Illinois ("the vehicle purchase").

20.     On Thursday, January 14, 2016, PLAINTIFF EDWIN ROJAS put down a $7,000.00

payment towards the purchase of a vehicle from DEFENDANT X MOTORSPORT, INC. in

Villa Park, Illinois ("the vehicle purchase").

21.     On Saturday, January 23, 2016, PLAINTIFFS arrived at the premises.

22.     While at the premises, PLAINTIFF EDWIN ROJAS spoke to and/or otherwise interacted with one or more DEFENDANT EMPLOYEES (hereinafter "the interaction").

23.     DEFENDANT BRANKO VECEVIC was at the premises during this interaction.

24.     DEFENDANT ZAIA RASHO was at the premises during this  interaction.

25.     DEFENDANT MANNY ZERVOS was at the premises during this interaction.

26.     DEFENDANT KEVIN CARPENTER was at the premises during this interaction.

27.     DEFENDANT HORMIS KORKIS was at the premises during this interaction.

28.     DEFENDANT DERRICK JOHNSON was at the premises during this interaction.

29.     DEFENDANT ERIC JOHNSON was at the premises during this interaction.

30.     DEFENDANT OFFICER BANASZEWSKI was at the premises during this interaction.

31.     One or more other UNKNOWN EMPLOYEES were at the premises during this interaction.

32.     DEFENDANT BRANKO VECEVIC spoke to and/or otherwise interacted with PLAINTIFF.

33.     DEFENDANT ZAIA RASHO spoke to and/or otherwise interacted with PLAINTIFF.

34.     DEFENDANT MANNY ZERVOS spoke to and/or otherwise interacted with PLAINTIFF.

35.     DEFENDANT KEVIN CARPENTER spoke to and/or otherwise interacted with PLAINTIFF.

36.     DEFENDANT HORMIS KORKIS spoke to and/or otherwise interacted with PLAINTIFF.

37.     DEFENDANT DERRICK JOHNSON spoke to and/or otherwise interacted with PLAINTIFF.

38.     DEFENDANT ERIC JOHNSON spoke to and/or otherwise interacted with PLAINTIFF.

39.     DEFENDANT OFFICER BANASZEWSKI spoke to and/or otherwise interacted with PLAINTIFF.

40.     One or more other UNKNOWN EMPLOYEES spoke to and/or otherwise interacted with PLAINTIFF.

41.     DEFENDANT BRANKO VECEVIC witnessed an interaction between PLAINTIFF and any other DEFENDANT.

42.     DEFENDANT ZAIA RASHO witnessed an interaction between PLAINTIFF and any other DEFENDANT.

43.     DEFENDANT MANNY ZERVOS witnessed an interaction between PLAINTIFF and any other DEFENDANT.

44.     DEFENDANT KEVIN CARPENTER witnessed an interaction between PLAINTIFF and any other DEFENDANT.

45.     DEFENDANT HORMIS KORKIS witnessed an interaction between PLAINTIFF and any other DEFENDANT.

46.     DEFENDANT DERRICK JOHNSON witnessed an interaction between PLAINTIFF and any other DEFENDANT.

47.     DEFENDANT ERIC JOHNSON witnessed an interaction between PLAINTIFF and any other DEFENDANT.

48.     DEFENDANT OFFICER BANASZEWSKI witnessed an interaction between PLAINTIFF and any other DEFENDANT.

49.     One or more other UNKNOWN EMPLOYEES witnessed an interaction between PLAINTIFF and any other DEFENDANT.

50.     PLAINTIFF EDWIN ROJAS spoke to one or more of the DEFENDANT EMPLOYEES about the vehicle purchase.

51.     PLAINTIFF EDWIN ROJAS requested a refund for the vehicle purchase.

52.     One or more DEFENDANT EMPLOYEES refused to refund the money to EDWIN ROJAS for the vehicle purchase.

53.     One or more DEFENDANT EMPLOYEES stated that PLAINTIFF EDWIN ROJAS was committing theft.

54.     DEFENDANT OFFICER BANASZEWSKI confirmed that PLAINTIFF EDWIN ROJAS would be committing a theft, if PLAINTIFF EDWIN ROJAS did not agree to return the vehicle at the reduced refund price.

55.     One or more DEFENDANT EMPLOYEES asked another DEFENDANT EMPLOYEE(S) to lock the door or doors to the building.

56.     DEFENDANT OFFICER BANASZEWSKI watched one or more DEFENDANT EMPLOYEES lock the door or doors to prevent the PLAINTIFFS from leaving the premises.

57.     After one or more DEFENDANT EMPLOYEES told PLAINTIFF EDWIN ROJAS that he would not receive a full refund in exchange for the vehicle, one or more DEFENDANT EMPLOYEES locked the door or doors.

58.     DEFENDANT OFFICER BANASZEWSKI worked together with one or more EMPLOYEES to keep the PLAINTIFFS in the premises, until the PLAINTIFFS agreed to the reduced refund price in accordance with the wishes of one or more DEFENDANT EMPLOYEES.

59.     DEFENDANT OFFICER BANASZEWSKI communicated to one or more DEFENDANT EMPLOYEES prior to the door or doors being locked.

60.    DEFENDANT OFFICER BANASZEWSKI communicated to one or more DEFENDANT EMPLOYEES for the purpose of preventing the PLAINTIFFS from leaving the premises, until PLAINTIFF EDWIN ROJAS agreed to return the vehicle for a reduced refund price.

61.    DEFENDANT OFFICER BANASZEWSKI communicated to one or more DEFENDANT EMPLOYEES prior to the door or doors being locked, and through this conversation, agreed to have the door or doors locked for the purpose of preventing the PLAINTIFFS from leaving the premises, until PLAINTIFF EDWIN ROJAS agreed to return the vehicle for a reduced price.

62.    Prior to the locking of the door or doors, one or more DEFENDANT EMPLOYEES communicated to DEFENDANT OFFICER BANASZEWSKI.

63.    After PLAINTIFF EDWIN ROJAS noticed that the door or doors were locked, he called "911."

64.    After calling "911," PLAINTIFF EDWIN ROJAS then noticed that OFFICER BANASZEWSKI opened the door or doors, after OFFICER BANASZEWSKI received a call from dispatch.

65.    PLAINTIFFS then left DEFENDANT X-Motorsport, Inc.

66.    DEFENDANT OFFICER BANASZEWSKI left DEFENDANT X-Motorsport, Inc. with the PLAINTIFFS.

67.    The actions of one or more DEFENDANT EMPLOYEES and DEFENDANT OFFICER BANASZEWSKI proximately caused the PLAINTIFFS to experience fear of being arrested.

68.     When the PLAINTIFFS were locked in the premises, they were not free to leave and no reasonable person would have believed that he was free to leave. The PLAINTIFF EDWIN ROJAS was arrested.

69.     Due to the joint acts and/or omissions of DEFENDANT OFFICER BANASZEWSKI and the DEFENDANT EMPLOYEES, as described above, PLAINTIFFS were not free to leave the premises.

70.     With regard to the acts and/or omissions, as described above, DEFENDANTS OFFICER BANASZEWSKI and the DEFENDANT EMPLOYEES acted jointly and in agreement, with the purpose or consequence of ensuring that PLAINTIFFS was not free to leave the premises.

71.     The joint acts and/or omissions of these DEFENDANTS constituted an unconstitutional arrest of PLAINTIFFS in violation of the Fourth Amendment.

72.     On January 23, 2016, none of the DEFENDANTS witnessed PLAINTIFFS commit a crime.

73.     On January 23, 2016, none of the DEFENDANTS believed that they possessed probable cause to believe that the PLAINTIFFS committed a crime.

74.     On January 23, 2016, DEFENDANT OFFICER BANASZEWSKI did not receive information that suggested that there was probable cause to detain the PLAINTIFFS.

75.     On January 23, 2016, DEFENDANT OFFICER BANASZEWSKI did not receive information that suggested that there was probable cause prevent PLAINTIFFS from leaving DEFENDANT X-Motorsport, Inc.

76.     On January 23, 2016, DEFENDANT OFFICER BANASZEWSKI did not receive information that suggested that there was a reasonable articulable suspicion to detain the PLAINTIFFS.

77.     On January 23, 2016, DEFENDANT OFFICER BANASZEWSKI was not aware of a reason to prevent PLAINTIFFS from leaving DEFENDANT X-Motorsport, Inc.

78.     On January 23, 2016, DEFENDANT OFFICER BANASZEWSKI had no known reason to detain PLAINTIFFS.

79.     On January 23, 2016, DEFENDANT OFFICER BANASZEWSKI did not have a warrant to arrest PLAINTIFFS.

80.     On January 23, 2016, DEFENDANTS jointly caused the arrest of PLAINTIFFS.

## COUNT I
### False Arrest Pursuant to 42 U.S.C. § 1983 and the
### Fourth Amendment to the U.S. Constitution

81.     PLAINTIFFS re-allege the above paragraphs as though fully set forth herein.

82.     As described above, the actions of DEFENDANT OFFICER BANASZEWSI and the DEFENDANT EMPLOYEES caused the arrest of the PLAINTIFFS.

83.     As described above, DEFENDANT OFFICER BANASZEWSI and the DEFENDANT EMPLOYEES caused the arrest of the PLAINTIFFS, without probable cause to believe that PLAINTIFFS had committed any criminal activity.

84.     Therefore, the conduct of the individual DEFENDANTS was in violation of the Fourth amendment to the United States Constitution.

85.     The aforementioned actions of the individual DEFENDANTS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, the PLAINTIFFS demand compensatory damages from DEFENDANTS OFFICER BANASZEWSI and the DEFENDANT EMPLOYEES.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees.

## COUNT II
## False Arrest – State Law Claim

86.     PLAINTIFFS re-allege the above paragraphs as though fully set forth herein.

87.     The individual DEFENDANTS caused the arrest of PLAINTIFFS.

88.     As described above, the individual DEFENDANTS arrested PLAINTIFFS, without probable cause to believe the PLAINTIFFS had committed any criminal activity. The conduct of the individual DEFENDANTS was in violation of the Constitution to the State of Illinois as well as Illinois law.

89.     The aforementioned actions of the individual DEFENDANTS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the individual DEFENDANTS and costs.

## COUNT III
## 745 ILCS 10/9-102 Claim
## DEFENDANT VILLAGE OF VILLA PARK

90.     PLAINTIFFS re-allege the above paragraphs as though fully set forth herein.

91.     DEFENDANT VILLAGE OF VILLA PARK is the employer of DEFENDANT OFFICER BANASZEWSI.

DEFENDANT OFFICER BANASZEWSKI, as alleged above, committed the acts under color of law and in the scope of employment of the DEFENDANT VILLAGE OF VILLA PARK.

WHEREFORE, should the DEFENDANT OFFICER BANASZEWSKI be found liable for any of the alleged counts in this cause, PLAINTIFFS demand that, pursuant to 745 ICLS 10/9-102, the DEFENDANT VILLAGE OF VILLA PARK pay any judgment (other than punitive damages) obtained against DEFENDANT OFFICER BANASZEWSKI and the individual DEFENDANTS as a result of this Complaint.

**COUNT IV**
**Supplementary Claim for *Respondeat Superior***

92.     PLAINTIFFS re-allege the above paragraphs as though fully set forth herein.

93.     DEFENDANT OFFICER BANASZEWSKI, as alleged above, committed the acts under color of law and in the scope of employment of the DEFENDANT VILLAGE OF VILLA PARK. DEFENDANT VILLAGE OF VILLA PARK, as principal, is liable for the actions of its agent under the doctrine of *respondeat superior*.

WHEREFORE, should the DEFENDANT OFFICER BANASZEWSKI  be found liable for any state law claim in this cause, PLAINTIFFS demand that the DEFENDANT VILLAGE OF VILLA PARK pay said judgment.

**COUNT V**
**Supplementary Claim for *Respondeat Superior***
**DEFENDANT X MOTORSPORT, INC.**

94.     PLAINTIFFS re-allege the above paragraphs as though fully set forth herein.

95.     The aforesaid acts of one or more DEFENDANT EMPLOYEES, in their individual capacity, were in the scope of employment and therefore the DEFENDANT X MOTORSPORT, INC., as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE, should one or more DEFENDANT EMPLOYEES of X MOTORSPORT, INC., be found liable for any of the alleged counts in this cause, PLAINTIFFS demand X MOTORSPORT, INC., pay said judgment.

## JURY DEMAND

PLAINTIFFS demand trial by jury.


Respectfully submitted,
**s/ Blake Horwitz___**
Attorney for Plaintiffs


Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, LTD.**
111 W. Washington St., Suite 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312)445-8741