IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWIN ROJAS<br><br>    Plaintiff,<br><br>    v.<br><br>X MOTORSPORT, INC., OFFICER BANASZEWSKI,. and the VILLAGE OF VILLA PARK.<br><br>    Defendants. | Case No. 16-cv-2982<br><br>Judge Gary S. Feinerman |

## MOTION FOR SANCTIONS

NOW COME the defendants, X MOTORSPORT, INC., BRANKO ZECEVIC, ZAIA RASHO, DERRICK JOHNSON, and ERIC JOHNSON, by and through their attorney, Jill B. Lewis of Marasa Lewis, Ltd., and pursuant to Rules 30(d) and 37(a)(5) of the Federal Rules of Civil Procedure, move this Court for entry of sanctions against plaintiff's counsel, Blake Horwitz, and in support thereof, state as follows:

    1.    Plaintiff's motion for sanctions, directed at defense counsel, Jill B. Lewis, is insincere in light of Mr. Horwitz's antagonistic behavior during the deposition of Ms. Rojas and the preceding deposition of Mr. Rojas. The depositions were completed despite Mr. Horwitz's efforts to obstruct the fair and reasonable examinations of the witnesses and his abusive, condescending behavior. Defense counsel is reticent about bringing any motion for sanctions against any counsel and, in fact, has never done so before in her nearly 20 years of practice. But, Mr. Horwitz's pattern of incivility and disrespect towards defense counsel is unprecedented.

    2.    The depositions proceeded on December 20, 2016 with the deposition of Onesimo Rojas beginning at 9:20 a.m. and ending at 10:42 a.m. During the one-and-a-half hour

deposition, Mr. Horwitz, disrupted the deposition on no less than 35 occasions with numerous speaking objections, constant interruptions of questions, arguments with counsel, private discussions in Spanish with his client, coaching of the witness, baseless instructions to his client to not answer questions he deemed irrelevant, speeches and generally demeaning and abusive behavior towards defense counsel. (A copy of the deposition transcript of Onesimo Rojas will be provided to this Court as a courtesy copy in lieu of filing with the CM/ECF system).

3. At the end of the deposition, Mr. Horwitz advised counsel that he needed to take a break of approximately 30 minutes starting at 11:20 a.m. (The Affidavit of Jill B. Lewis is attached hereto as Exhibit A). Defense counsel agreed to the break despite not having been advised previously.

4. The deposition of Magali Rojas began at 10:56 a.m. and continued until 11:17 a.m. to allow Mr. Horwitz to take his requested break. (Exhibit A).

5. At 12:22 p.m., Mr. Horwitz returned without any explanation for his tardiness or the one hour break. The deposition continued until 3:20 p.m. As he did during Mr. Rojas' deposition, Mr. Horwitz disrupted counsel's examination of Magali Rojas on approximately 50 occasions with speaking objections, admonishments to counsel, speeches to counsel, questioning of his witness about her current state of well-being, coaching the witness, and generally improper behavior designed to manipulate the testimony and prevent defense counsel from obtaining a fair and orderly examination. (A copy of the deposition transcript of Magali Rojas will be provided to this Court as a courtesy copy in lieu of filing with the CM/ECF system).

6. During the deposition, Mr. Horwitz took no less than 5 breaks for a total of approximately 35 minutes. Upon return, Magali Rojas' deposition testimony often changed. For example, Magali Rojas testified at page 41 that she saw the police officer lock the door, but after

a break was taken, she returned, testifying on pages 43 and 44 that she did not see who locked the door. In addition, after breaks, Mr. Horwitz would question his client on the record about how she felt, soliciting answers that she felt as though she would vomit (pages 59-60). Mr. Horwitz felt obliged to state on the record on several occasions his client was nervous and had a low level of education, but when defense counsel inquired into the witness, Mr. Horwitz threatened to end the deposition (pages 34-35, 72-73). When defense counsel questioned why he didn't just inform us in private how she felt, Mr. Horwitz admonished counsel (pages 62-65). Both defense counsel suggested and offered to break the deposition up into two parts to accommodate the witness, but Mr. Horwitz refused (pages 58-59, 64-65).

7. During the deposition, Mr. Horwitz told defense counsel to leave (pages 18-19), interrupted questions to dispute Spanish translations from the certified interpreter (pages 27, 28) and coached his client to not remember facts (e.g., pages 17-19).

8. Mr. Horwitz's abuse of the discovery process, condescending behavior towards defense counsel, and obstruction of defense counsel's examination of the witnesses culminated in defense counsel unfortunately and uncharacteristically losing her temper and using inappropriate language (which has never occurred before and will not occur in the future); conduct for which she apologized to Ms. Rojas and Mr. Horwitz on the record.

9. It should be noted that defense counsel did not ask Magali Rojas for the Lorezepam because counsel does not speak Spanish and Ms. Rojas does not speak or understand English (pages 40, 41, 54). Moreover, it was an under-the-breath comment made out of frustration that Mr. Horwitz stated on the record had been posed to the witness when it had not. But, regardless, counsel apologized sincerely to Ms. Rojas at the deposition and Ms. Rojas accepted the apology without any further incident (page 77).

3

10. Defense counsel also apologized to Mr. Horwitz (page 77) for the comment directed at him outside the presence of the plaintiffs who had already left the room (p. 74).

11. Defense counsel finished her questions without any further incident and left the deposition due to the lateness of time and a prior commitment.

12. Federal Rules of Civil Procedure 30(c) and (d) provide, in part, as follows:

(c) EXAMINATION AND CROSS-EXAMINATION; RECORD OF THE EXAMINATION; OBJECTIONS; WRITTEN QUESTIONS.

\* \* \*

(2) *Objections.* An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

\* \* \*

(d) DURATION; SANCTION; MOTION TO TERMINATE OR LIMIT.

\* \* \*

(2) *Sanction.* The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

(3) *Motion to Terminate or Limit.*

(A) *Grounds.* At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

\* \* \*

(C) *Award of Expenses.* Rule 37(a)(5) applies to the award of expenses.

13. FRCP 37(a)(5) allows for the payment of attorneys' fees and expenses if a motion for sanctions is granted unless "(iii) other circumstances make an award of expenses unjust."

14. When one reviews the depositions in their entirety, there should be no question as to plaintiff's counsel's instigating behavior which led to defense counsel's regrettable reactions for which she has already apologized at the proceedings. Counsel is amenable to court supervision of any remaining depositions to ensure that civility is maintained by counsel at all times so that the witnesses can fairly be examined without undue delay or harassment.

WHEREFORE, defendants, X MOTORSPORT, INC., BRANKO ZECEVIC, ZAIA RASHO, DERRICK JOHNSON, and ERIC JOHNSON, respectfully pray that this Honorable Court enter an Order granting this motion and imposing sanctions against plaintiff's counsel, Blake Horwitz, to include the following: (a) a Protective Order as necessary to ensure defense counsel is afforded the right to conduct a fair and reasonable examination of witnesses without harassment or abusive conduct by Mr. Horwitz; (b) enter monetary sanctions against Mr. Horwitz; (c) reimbursement of the costs of the deposition transcripts of Onesimo Rojas and Magali Rojas; (d) enter an award of attorneys' fees and expenses for having to prosecute this motion; and (e) any and all further relief this Court deems appropriate and just.

          Respectfully submitted,

          Marasa Lewis, Ltd.

          By:   */s/ Jill B. Lewis*
                Attorneys for Defendant, X MOTORSPORT, INC.

Jill B. Lewis
Marasa Lewis, Ltd.
One E. Wacker Drive, Suite 1100
Chicago, Illinois 60601
312-345-7226
jlewis@chicmarasa.com
ARDC # 6243361

5

## CERTIFICATE OF SERVICE

I hereby certify that, on ***January 9, 2017***, I electronically filed the foregoing ***Motion for Sanctions*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Blake Wolfe Horwitz
The Blake Horwitz Law Firm, Ltd.
111 W. Washington Street, Suite 1611
Chicago, Illinois 60602
Tel: (312) 676-2100
Fax: (312) 445-8741
Email: bhorwitz@bhlfattorneys.com
**ATTORNEYS FOR PLAINTIFFS EDWIN ROJAS AND MAGALI ROJAS**

Alison M. Harrington
Denise Nicole Kruse
Best, Vanderlaan & Harrington
25 East Washington Street, Suite 800
Chicago, Illinois 60604
Tel: (312) 819-1100
Fax: (630) 752-8763
Email: aharrington@bestfirm.com
dkruse@bestfirm.com
**ATTORNEYS FOR OFFICER BANASZEWSKI & VILLAGE OF VILLA PARK**

Dmitry N. Feofanov
ChicagoLemonLaw.com, P.C.
404 Fourth Avenue West
Lyndon, IL 61261
*Feofanov@ChicagoLemonLaw.com*
**ATTORNEYS FOR PLAINTIFF EDWIN ROJAS**

            */s/ Jill B. Lewis*

Jill B. Lewis
Marasa Lewis, Ltd.
One E. Wacker Drive, Suite 1100
Chicago, Illinois 60601
312-345-7226
jlewis@chicmarasa.com