UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWIN ROJAS and MAGALIA ROJAS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>XMOTORSPORT, INC., OFFICER )<br>BANASZEWSKI, VILLAGE OF VILLA )<br>PARK, BRANKO VECEVIC, ZAIA RASHO, )<br>and DERRICK JOHNSON, )<br>)<br>Defendants. )<br>)<br>BLAKE W. HORWITZ, )<br>)<br>Movant )<br>) | Case No. 16-CV-2982<br><br>Judge Gary Feinerman |

**AMENDED MOTION OF RESPONDENT, BLAKE WOLFE HORWITZ, TO VACATE
MEMORANDUM OPINION AND ORDER OF SEPTEMBER 27, 2017**

Movant, Blake Wolfe Horwitz, through his counsel, Thomas P. McGarry, pursuant to Fed. R. Civ. P. 60(b), respectfully requests this Honorable Court for an order vacating this Court's September 27, 2017 Memorandum Opinion and Order censuring him for conduct unbecoming a member of the bar and admonishing opposing counsel, Jill B. Lewis, and, in support thereof, states as follows:

**Summary of Motion**

Although Mr. Horwitz acknowledges that his conduct at the depositions of his clients, did not comply with Rule 30(d)(2) in that he improperly instructed his client not to answer questions posed, he requests that the court consider his deposition conduct in light of his subsequent remediation of those mistakes, his apology to Ms. Lewis and his amicable resolution of this case with her, resulting in its settlement and vacate the censure and admonishment Order

("Order"). In addition, because his public censure (and Ms. Lewis's admonishment) are perceived by members of the profession and judiciary as disciplinary sanctions, Mr. Horwitz requests that the court consider his intent and matters in mitigation, which factors would be considered in a disciplinary case in which censure was a possible outcome. Mr. Horwitz hopes that the vacature of the Order would send a message to the profession that an attorney who has made a mistake could remediate the situation by subsequent good conduct and professionalism and avoid the permanent stain on his career of a public censure.

## Lack of Intent to Obstruct the Deposition

In the September 27, 2017 Order, Mr. Horwitz was censured (and Ms. Lewis admonished) by the Court for his conduct at the depositions of his clients, the Plaintiffs in this case, Edwin Rojas and Magalia Rojas, including directing his clients not to answer questions. On page 13 of the Order, the Court expressed a concern that, after a break in the deposition, Mrs. Rojas changed her prior testimony about whether the police officer locked the dealership's door. Mr. Horwitz did not coach Mrs. Rojas to change her testimony and he never intended to coach the client to give any specific answer. Revealingly, her initial testimony was more helpful to the claim than her subsequent testimony. If the officer locked the door, Plaintiffs would then have easily defeated Defendants' motion for summary judgment as to the officer as that action would have demonstrated an overt act by the officer to prevent the Plaintiffs from leaving the car dealership. Mr. Horwitz requests that the Court take into consideration that his intent during the depositions was not to obstruct opposing counsel from obtaining any information to which they were entitled or to have his clients testify untruthfully. Instead, he was in a position of balancing the protection of his emotionally vulnerable client (who had never before been

2

involved in litigation) and having his client provide the information to which opposing counsel was entitled.

At the deposition, Mr. Horwitz was justifiably concerned for Mrs. Rojas' well-being because he understood her mental condition and noticed that Mrs. Rojas was reaching a breaking point as Ms. Lewis questioned her. Mr. Horwitz felt that, in order to protect his fragile and vulnerable client, he could either terminate the deposition, which would result in having Mrs. Rojas leave her home[1] to return for another deposition session, or he could do his best to try to protect her from becoming too upset while at the same time trying to get the information to defense counsel that was being requested. Mr. Horwitz regrets that he erred on the side of being overly protective of Mrs. Rojas and told her not to answer some questions in violation of the rules. He did not do this in order to keep defense counsel from obtaining the information, and sometimes tried to provide it himself, but he did it only to try to protect Mrs. Rojas. Questions asked by Mr. Horwitz were easier for his client to answer as Mrs. Rojas felt more comfortable answering questions from her attorney.

Mr. Horwitz, who is fluent in Spanish, having studied in Spain, was also concerned at various points in the deposition that some of the translator's word selection was not accurate. Clarification of some of the recorded testimony was the reason for some of the interruptions.

Although Mr. Horwitz recognizes that his instructions to his client were an improper violation of Rule 30(d)(2), he hopes that the Court will consider that his intent was not to obstruct the deposition by directing his client not to answer questions, but was only to protect Mrs. Rojas from feeling increased anxiety.

---

[1] Mrs. Rojas psychological state is so fragile that she spends the majority of her waking hours in her room – too fragile to face the outside world.

3

On page 12, the Order states that Mr. Horwitz' interruption of the questioning of Mrs. Rojas as "designed to prompt Magalia to alter her answer." Mr. Horwitz had an uneducated client, suffering from anxiety, who was on medication, who was very nervous about giving her first deposition, did not understand court rules, was questioned through an interpreter. Mr. Horwitz was concerned that Mrs. Rojas understood the questions and that her answers were not guesses. That was the reason for the exchange on pages 12-15 of the Order, not to "coach" her to give a certain answer. A reading of those pages of the transcript shows that Mrs. Rojas barely understood what was being asked, and had difficulty with self-expression. Mr. Horwitz was not trying to coach Mrs. Rojas, but only to help her understand what was happening and to protect her from becoming even more anxious and upset than she already was. Mr. Horwitz hopes that the Court at this time will consider his intent during the deposition.

## Subsequent Conduct and Matters in Mitigation

Mr. Horwitz requests that the court consider additional facts that were not presented at the hearing that resulted in the Order. Fed. R. Civ. P. 60(b) provides relief in exceptional circumstances. *Barnes v. City of Chi.*, 2000 U.S. Dist. LEXIS 17214 (N.D. Ill. Nov. 27, 2000), *citing Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). The circumstances pertaining to the issue of a court's reconsideration of an order censuring and admonishing attorneys for the respective parties to the litigation are exceptional and warrant relief under Fed. R. Civ. P. 60(b). Whether such circumstances exist is within the sound discretion of the district court. *Barnes v. City of Chi.*, 2000 U.S. Dist. LEXIS 17214 (N.D. Ill. Nov. 27, 2000), *citing Tolliver v. Northrop Corp.*, 786 F.2d 316, 318-19 (7th Cir. 1986).

Although the Court's Order censuring Mr. Horwitz and admonishing Ms. Lewis were not disciplinary sanctions, they have the trappings of disciplinary sanctions. In professional

disciplinary proceedings that might result in a censure, a court would normally consider not only the attorney's intent, but also matters that might mitigate the conduct under consideration. Mr. Horwitz requests that the court now consider as mitigating factors the following information.

Mr. Horwitz has recognized his conduct, apologized to Ms. Lewis and expressed his regret and remorse to the Court. Mr. Horwitz assures the Court that such conduct will not happen again. Mr. Horwitz has taken the Court's criticism of his conduct to heart. Mr. Horwitz has an unblemished disciplinary record after having practiced law in Illinois for 28 years.

As counsel of record for Plaintiffs in this case, Edwin Rojas and Magalia Rojas, Mr. Horwitz owed his undivided loyalty to Plaintiffs and was fully focused on his representation and protection of them. As this Court noted in its Order, information regarding the mental health of his client, Magalia Rojas, was a point of contention. The pre-existing emotional and psychological condition of Mrs. Rojas and Mr. Horwitz, efforts to protect her from emotional harm under the circumstances of her deposition, however clumsily, is a mitigating factor that he hopes this Court will now consider.

The acrimonious nature of the litigation between Mr. and Mrs. Rojas and the Defendants had exacerbated Mrs. Rojas' emotional and psychological difficulties. When she had to be deposed, the fact that she had to leave her home and go to downtown Chicago for her deposition, made her psychological and emotional condition worse. Her expressed concerns that the deposition might cause a psychiatric episode. During the deposition, Mrs. Rojas told Mr. Horwitz that she had a knot in her stomach, felt that she had to vomit, that she wanted to run away and was anxious and nervous. Mrs. Rojas' emotional and psychological difficulties, her being in an unfamiliar place and her 3rd grade education, all combined to heighten and aggravate

5

her emotional and psychological difficulties. At the end of the deposition (pages 96-97) Mrs. Rojas said she was going to the hospital.

Although the deposition might have been adjourned, Mr. Horwitz chose to continue the deposition and not terminate it, so that Mrs. Rojas would not have to face the thought of returning for another deposition. He did this because of Mrs. Rojas' fragile emotional and mental condition.

Mr. Horwitz acknowledges that he overzealously represented his client to soften an examination he feared was triggering severe anxiety. Mr. Horwitz takes responsibility for his actions. Mr. Horwitz sincerely regrets his conduct at the deposition even though it was the result of his perceived need to protect his emotionally fragile client, to try to provide the information sought by the defense attorneys, and to conclude the deposition rather than terminate it and have his client return for another session, which she clearly did not want to have to face.

Given that the Order also criticized the conduct of opposing counsel, Jill Lewis, it is obvious that this was an emotionally fraught case, with the tension level of counsel very high. Although Mr. Horwitz acknowledges that he let his emotions override his better judgment and deportment at the deposition, he hopes that the Court will now consider the circumstances under which he was operating, and the difficult choices he had to make because of the emotionally fragile nature of his client, whom he had a duty to try to protect, while still having her engage in the litigation process. Mr. Horwitz did not terminate the deposition because he thought it was in his client's best interest (emotionally) to conclude the deposition and not have to return.

Defense counsel were able to obtain the information they sought. The deposition transcript reflects that the end of the deposition went more smoothly than the first part of the deposition of Mrs. Rojas.

When Mr. Horwitz instructed Mrs. Rojas not to answer certain questions he thought were irrelevant, he did it to keep the deposition moving and to keep Mrs. Rojas from becoming upset. For example, these were questions about prior workers' compensation claims, a class action claim and other employment related questions which were not relevant since there was no claim for lost time from work or lost earnings. A copy of the deposition transcript is attached as Exhibit A.

Mr. Horwitz has apologized to Ms. Lewis, who has accepted his apology. He and Ms Lewis have cooperated and have settled the underlying case amicably and the Court has dismissed a sanction motion as moot upon agreement of the parties [Dkt. No. 209]. The facts described above, particularly the psychological and emotional condition of Mrs. Rojas, demonstrate that Mr. Horwitz was caught between strictly following the rules and trying to protect his emotionally and psychologically vulnerable client. It was a difficult path to take, and he has expressed his regret for making wrong choices. Further, both parties seek to withdraw their respective motion for sanctions as further demonstration of their respective desire to cooperate.

**Procedural Issues**

Mr. Horwitz acknowledges that he did not handle the situation at the deposition with the professionalism that he values highly. The above mitigating factors that would be considered in an attorney disciplinary proceeding where a censure might be imposed (under a clear and convincing burden of proof) were not considered by the Court when it entered its Order. Mr. Horwitz now requests that the Court consider these factors and vacate the order censuring him and admonishing Ms. Lewis.

**Conclusion**

Because Mr. Horwitz has recognized his inappropriate conduct, apologized for it, made amends with Ms. Lewis and settled the case, and affirms that it will not happen again, we respectfully ask the Court to vacate the Order entered censuring Mr. Horwitz and admonishing Ms. Lewis. The intent of Mr. Horwitz was not to inappropriately direct his client not to answer questions or to influence his client in responding to questions, but rather was only meant to protect a peculiarly vulnerable client. The Order is not taken lightly and Mr. Horwitz has accepted the consequences including adverse publicity of the Law Bulletin article. He has and will continue to strive to keep his reputation high among the judges and practitioners in the federal court. Mr. Horwitz apologized to Ms. Lewis and expressed his remorse to this court, as noted above. The lack of improper intent by Mr. Horwitz, the subsequent good conduct of both counsel, the amicable settlement of this case and the mitigating factors identified above, should be taken into account and result in the entry of an order vacating the censure of Mr. Horwitz and admonishment of Ms. Lewis.

The vacature of the Order will indicate to members of the profession that, once a mistake has occurred, and animosity has caused harm in a judicial proceeding, the subsequent remedial measures and professional conduct of both counsel involved could result in something less than a formal censure or admonishment, thus encouraging the kind of remedial action taken by Mr. Horwitz and Ms. Lewis.

WHEREFORE, Respondent, Blake Wolfe Horwitz, respectfully requests this Honorable Court enter an order vacating this Court's September 27, 2017 Order censuring him and admonishing opposing counsel, Jill B. Lewis.

        Respectfully submitted,

        s/Thomas P. McGarry
        Thomas P. McGarry
        Hinshaw & Culbertson LLP
        222 North LaSalle, Suite 300
        Chicago, IL 60601
        Tel 312-704-3000
        tmcgarry@hinshawlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 18, 2017, I electronically filed the foregoing document with the Clerk of the U. S. District Court, Northern District of Illinois, Eastern Division by using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

      By: s/Thomas P. McGarry
Thomas P. McGarry
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601-1081
tel 312-704-3000
fax 312-704-3001
tmcgarry@hinshawlaw.com